[Civ. No. 5012. Third Appellate District.—September 29, 1933.]

EUGENE S. BYBEE, Petitioner, v. LUCY A. RICHARDS, as County Auditor, etc., Respondent.

Coyle E. Bybee and J. Oscar Goldstein for Petitioner.

Bond & Price and George F. Jones for Respondent.

THOMPSON, J.—This is a petition for a writ of *mandamus* to compel the auditor of Butte County to draw a warrant in payment of the salary allowed by law for the services of the probation officer of that county for the month of August, 1933.

The petitioner, Bybee, was duly appointed probation officer of Butte County by the judge of that county pursuant to the provisions of the Juvenile Court Act of the state of California, November 23, 1932. (Stats. 1915, p. 1225, and amendments thereto; 2 Deering's Gen. Laws of 1931, p. 2074, sec. 18, Act 3966.) This act contains the proviso that ''In counties having a charter providing a method of appointment and tenure of office for probation officers, . . . such charter provision shall control''. The petitioner qualified as such probation officer and has performed the duties of that office since the time of his appointment. His salary was fixed by an amendment to the freeholder's charter of Butte County in 1923 at $1500 a year. (Stats. 1923, p. 1554, art. III, sec. 6.) Article IV, section 1, of the Butte County Charter specifically includes in the designation of county officers that of ''a probation officer''. Neither the office of probation officer nor the method of providing by law for his appointment has ever been modified or changed by the charter of Butte County or otherwise. The petitioner demanded of the respondent, as auditor of Butte County, a warrant to compensate him for his services for the month of August, 1933, which was refused. This petition for a writ of mandate was then filed.

The respondent contends that the office of probation officer was abolished or at least combined with that of welfare officer which was created by an amendment to the Butte County Charter which was adopted in June, 1933.

The respondent is in error regarding the effect of the amendments to the Charter of Butte County which were adopted in 1933. The office of welfare officer was not thereby or otherwise created, nor does any amendment to the charter combine the office of probation officer with that of welfare officer. The only amendments to the charter with relation thereto are as follows: The amendment to article III, section 3, provides, in part, "The board of supervisors shall fix the salaries and wages of all employees of the county not otherwise fixed by this charter, . . . (1) The welfare and *ex-officio* probation officer shall be allowed the sum of $1,200 per annum *for an assistant's salary*." Article IV, section 2, provides in part, "The following offices are hereby consolidated: . . . (e) The welfare officer shall be *ex-officio* probation officer." Article XII, section 2, provides, "The compensation of any elective and appointive county or township officer shall not be increased or decreased during the term for which he was elected or appointed."

The only attempt to create the office of welfare officer, or combine that office with that of probation officer was designated article IV-a. This proposed amendment to the Charter which was submitted to the voters as "Proposition No. 9", was defeated. Subdivision (1) of Article III, section 3, which provides that "The welfare and *ex-officio* probation officer shall be allowed the sum of $1,200 per annum for an assistant's salary", is ineffectual and void for the reason that the proposition to combine these offices was defeated, and therefore no such combination of offices exists. Moreover, it clearly appears that the salary of $1200 which was allowed in the section last above quoted is in compensation of neither a purported welfare officer nor that of the probation officer, but upon the contrary is for "an assistant's salary". It is not contended Butte County has an assistant to the "welfare and *ex-officio* probation officer", or that the probation officer of that county has an assistant. The petitioner in this proceeding is the principal occupying the office of probation officer. The salary of neither

an assistant to the alleged combination of offices nor an assistant to the probation officer is involved in the matter.

The amendment to article IV, section 2, of the Charter, which was adopted in 1933, to the effect that "The following offices are hereby consolidated: . . . (e) The welfare officer shall be *ex-officio* probation officer", is ineffectual and void for the reason that no such office as "welfare officer" was created or exists in Butte County with which to combine the office of probation officer.

Moreover any attempt to reduce the salary of the probation officer of Butte County, during his term of office, is in direct violation of article XII, section 2, of the charter, which has been in effect ever since the amendment to the charter in 1923. That section provides, "The compensation of any elective or appointive county or township officer, shall not be increased *or decreased* during the term for which he was elected." This inhibition clearly applies to appointive as well as elective officers. By the provisions of article IV, section 1, of the Charter, the probation officer is made a county officer. Section 5 of the last-mentioned article fixes his term at four years beginning with the first Monday after the first day of January succeeding his appointment.

It follows that the petitioner as the duly appointed and acting probation officer of Butte County is entitled to compensation for his services for the month of August, 1933, in the sum of $125.

It is ordered that a writ of mandate issue directing the respondent, as auditor of Butte County, to draw a warrant in favor of petitioner for the sum of $125 as compensation for his services as probation officer for the month of August, 1933.

Pullen, P. J., and Plummer, J., concurred.